624



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Arthur Stehling
County Attorney
Fredericksburg, Texas

Dear Mr. Stehling:

Opinion No. O-1150
Re: Authority of county
trustees and school
district trustees to
grant easement over
school land for elec-
tric power lines.

This department acknowledges receipt of your let-
ter of July 17, 1939, from which we quote as follows:

"The Pedernales Electric Cooper-
ative, Inc., is securing right-of-way
easements to construct rural electri-
fication lines and while the cooper-
ative does not desire to set any poles
on any school lands, it will be neces-
sary for them to have an easement in
order to stretch the wires over the
various school properties. I would
like to have an opinion from your de-
partment as to whether or not the
county board of trustees has the
right to grant those easements."

This raises a question similar to that consider-
ed by this department in Opinion No. 2607, dated July 8,
1925, and printed at page 458, et seq., of the Biennial
Report of the Attorney General for 1924-1926, pertaining
to the power of the Board of Regents of the University of
Texas to grant an easement to the American Telephone &
Telegraph Company over University lands with the right to
perpetual use by said company of the land embraced within
said grant for the purpose of constructing, operating, and
maintaining its lines of telephone and telegraph, includ-
ing the erection of all necessary poles, wires, cables, and
fixtures upon, over, and across said property.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Arthur Stehling, Page 2

The opinion held that since the Board of Regents was vested by the statute with the control and management of University lands, it had authority to grant the easement in question.

In Opinion No. 1986, dated March 1, 1919, and printed at page 512, et seq., of the Biennial Report of the Attorney General for 1918-1920, it was held that the district trustees may lease a portion of a school lot for oil and gas purposes when the same is not needed for school purposes and the conduct of the school is not interfered with. We recognize, however, that a lease for oil and gas purposes would be a sale authorized by Article 2753, infra, while an easement would not constitute a sale. However, the opinion last mentioned cites the case of Royce Independent School District v. Rinehart, 159 S.W. 1010, (Writ of error refused), where the court held that a lease by the trustees of a school district of a portion of the school campus for a baseball club was valid.

In another opinion by this Department, dated October 28, 1915, and printed at page 585 of the Biennial Report for 1914-1916, it was held that the trustees of a school district were authorized to lease to a lodge a portion of the school building insofar as the uses to which such property is put would not conflict with its use as school property.

We believe that the proper school authorities have the same authority to execute the easement in question that it has to lease property of the school district.

Article 2754, Revised Civil Statutes, reads as follows:

"All school houses erected, grounds purchased or leased for a school district, and all other property belonging thereto, shall be under the control of the district trustees of such district."

While this article is placed under subdivision 1 of Chapter 15, Title 49, headed "Common School Districts", nevertheless, in view of the fact that the original act of 1905 from which it is taken together with the two decisions above mentioned, the same rule applies to independent school

Hon. Arthur Stehling, Page 3

districts as well as common school districts, that is, the trustees of independent school districts have the control and management of the property of the district.

Article 2753, Revised Civil Statutes, reads as follows:

"The trustees of any school district, upon the order of the county trustees prescribing the terms thereof, when deemed advisable, may make sale of any property belonging to said school district, and apply the proceeds to the purchase of necessary grounds, or to the building or repairing of schoolhouses, or place the proceeds to the credit of the available school fund of the district."

Article 2683, Revised Civil Statutes, pertaining to the powers of county school trustees, provides as follows:

"The County school trustees of each county shall constitute a body corporate, by the name of the county school trustees of _____ county, State of Texas, and in that name may acquire and hold real and personal property, sue and be sued, and may receive bequests and donations or other moneys or funds coming legally into their hands, and may perform other acts for the promotion of education in the county. The title to any school property belonging to the county, the title of which has heretofore been vested in the county judge and his successors in office, or any school property that may be acquired, shall vest in the county school trustees and their successors in office for public free school purposes."

You are advised that it is our opinion that the school trustees have authority to execute the easement in question, but as to those districts coming under the jurisdiction of the county trustees, the easement should be approved by such trustees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
H. Grady Chandler
Assistant

APPROVED AUG 24, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

HGC:BT

APPROVED
OPINION
COMMITTEE
BY BWB